IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Michael Cornelius, ) | |
| ) | C/A No. 3:08-2508-MJP-PJG |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | **AND** |
| City of Columbia, South Carolina, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Defendant. ) | |
| ) | |

This employment discrimination matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on Defendant City of Columbia's ("City's") motion to strike portions of the Complaint relating to punitive damages, back pay, and reinstatement to employment; and for partial summary judgment. (Docket Entries 60, 62.) In response to this motion, Plaintiff Michael Cornelius ("Cornelius") filed a motion for both compensatory and punitive damages (Docket Entry 64) and a "Second Opposition" to the motion to strike (Docket Entry 70). The City responded to Cornelius's motion (Docket Entry 65) and filed a reply (Docket Entry 73). The court held a hearing on these motions on April 1, 2009.

**DISCUSSION**

Cornelius's Complaint in this matter seeks, among other relief, "injunctive restitution of all employment advancement," re-employment in an advanced position, and punitive damages arising from alleged intentional retaliation. The City argues that punitive damages are not available against it and that Cornelius is judicially estopped from claiming back pay or reinstatement to employment

with the defendant.[1] In response, Cornelius recites an extensive factual background about his version of the events surrounding his termination and believes that based on the nature of this case, he should be entitled to relief he seeks.[2]

Pursuant to S.C. Code Ann. § 15-78-120(b), the City as a governmental entity is immune from an award of punitive damages for any common law claims. See S.C. Code Ann. §§ 5-1-10 et seq. Further, pursuant to 42 U.S.C. § 1981a(b)(1), a "complaining party may recover punitive damages under this section against a respondent *(other than a government, government agency or political subdivision)* if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1) (emphasis added).

Cornelius contends that as he reads § 1981a, he is entitled to punitive damages and argues that the facts of this case warrant permitting such damages. However, the applicable statutes specifically preclude Cornelius from recovering punitive damages from the City. Therefore, Cornelius's claim for punitive damages must be stricken.

While back pay can be a permissible form of relief under Title VII, the City asserts that Cornelius is precluded from this relief based on the doctrine of judicial estoppel. Cornelius was terminated from employment with the defendant on March 14, 2007. In 2008, Cornelius submitted and settled a claim for workers' compensation benefits based on an injury that rendered him totally

---

[1] During the hearing, Cornelius stated that he would not want to return to work for the City because it is a hostile work environment. He consented to striking his request for reinstatement of a position with the City.

[2] Cornelius also appears to argue other causes of action that are not before the court in this case.



disabled from performing his position, which was "Maintenance Repair Worker II." Cornelius received payment of 7 2/3 weeks of temporary total benefits, 11 weeks of permanent partial disability benefits, and authorized medical costs and expenses totaling $11,065.09 based on the original claim. Cornelius further received $14,000 in exchange for a comprehensive release of the City. (Docket Entry 62 at 4-6.)

The four-pronged test to determine whether judicial estoppel should be applied in a particular case requires the following: "(1) the party to be estopped [is] advancing an assertion that is inconsistent with a position taken during previous litigation; (2) the position [is] one of fact instead of law; (3) the prior position [was] accepted by the court in the first proceeding; and (4) the party to be estopped [has] acted intentionally and not inadvertently." Folio v. City of Clarksburg, 134 F.3d 1211, 1217 (4th Cir. 1998). "In order for the doctrine to apply, administrative and quasi-judicial proceedings suffice; the prior litigation need not actually transpire in a court because '[t]he truth is no less important to an administrative body acting in a quasi-judicial capacity than it is to a court of law.'" Hindman v. Greenville Hosp. Systems, 947 F. Supp. 215, 221 (D.S.C. 1996) (internal citations omitted); see also Amtrust Inc. v. Larson, 388 F.3d 594, 600 (8th Cir. 2004) ("The doctrine of judicial estoppel prevents a party from taking a position during litigation which is contrary to one taken in a prior judicial or quasi-judicial proceeding."); Simon v. Safelite Glass Corp., 128 F.3d 68, 72 (2d Cir. 1997) (noting that judicial estoppel applies to prior inconsistent statements made in administrative or quasi-judicial proceedings and proceedings before the Social Security Administration).

Generally, "judicial estoppel does not apply to the settlement of an ordinary civil suit because 'there is no 'judicial acceptance' of anyone's position.'" Lowery v. Stovall, 92 F.3d 219, 225 (4th

Cir. 1996). However, "the approval of a settlement satisfies the judicial acceptance requirement when the court is obliged to ensure that the settlement is fair and equitable, and when the court cannot discharge its duties by acting as 'a mere rubber stamp.'" Warda v. Commissioner, 15 F.3d 533, 538 (6th Cir. 1994) (citations omitted).

In this case, documents filed in Cornelius's case before the South Carolina Workers' Compensation Commission ("Commission") contained the assertion that he was unable to perform the duties of his position due to a work-related injury. The Commission reviewed the settlement and release agreement and adopted and approved the agreement. (Docket Entry 62 at 46.) South Carolina law requires that a workers' compensation settlement and final release be approved by a Commissioner. See S.C. Code Ann. Regs. 67-803. "Commissioners will not approve an Agreement and Final Release that is not fairly made and in accordance with the Act." Id. If the agreement is approved, it is an enforceable judgment. See S.C. Code Ann. § 42-17-70. Accordingly, unlike a settlement in an ordinary civil suit, it appears that the Commission accepted Cornelius's position that he was disabled from performing his job as Maintenance Repair Worker II. Therefore, Cornelius is judicially estopped from asserting that he is entitled to back pay based on his wrongful termination, as that would be factually incompatible with his position that he is totally disabled from performing the functions of his job. See King v. Herbert J. Thomas Memorial Hosp., 159 F.3d 192, 196 (4th Cir. 1998) (affirming the dismissal of a discrimination claim based upon an award of social security disability benefits).

**RECOMMENDATION**

For the foregoing reasons, the court recommends that the defendant's motion to strike portions of the complaint as to punitive damages, back pay, and reinstatement to employment, and for partial summary judgment (Docket Entry 60)[3] be granted.

**ORDER**

For the same reasons, with regard to Cornelius's motion for both compensatory and punitive damages (Docket Entry 64), it is

**ORDERED** that, to the extent it seeks punitive damages, the motion is denied. To the extent it seeks compensatory damages prior to judgment, it is denied as premature.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 23, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[3]Because the defendant's motion requests partial summary judgment on these issues in addition to the motion to strike, the court enters this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) & (B) (stating that a district judge may designate a magistrate judge to submit findings and recommendations to the district judge regarding motions for summary judgment) and Local Civil Rule 73.02(B)(2) DSC.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).