# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| **Michael Cornelius,** | ) | Civil Action No. 3:08-2508-MJP-PJG |
| **Plaintiff,** | ) | |
| vs. | ) | **ORDER** |
| **City of Columbia, South Carolina,** | ) | |
| **Defendant.** | ) | |

This matter is before the court on Plaintiff's objections to an Order and Report and Recommendation issued by United States Magistrate Judge Paige J. Gossett on June 23, 2009. In that Order, the Magistrate Judge granted Defendant's motion to strike punitive damages, back pay and reinstatement to employment. The Magistrate Judge denied the Plaintiff's motion for punitive damages and held Plaintiff's motion for compensatory damages to be premature.

This court has carefully considered the recommendations of the Magistrate Judge and independently examined the written submissions of the parties. In addition, the court heard oral argument from the *pro se* Plaintiff and counsel for Defendant on September 24, 2009. Based upon the information received and aware that the Defendant has filed a motion for summary judgment that is pending review by the Magistrate Judge, I hereby issue the following determinations.

## PUNITIVE DAMAGES

Plaintiff's Complaint seeks punitive damages as to the Defendant, a municipality and political subdivision of the State of South Carolina. In support of this relief, Plaintiff relies upon the common law of South Carolina and 42 U.S.C. § 1981a(b)(1). As correctly determined by the Magistrate Judge, neither of these grounds can support the relief requested.

Pursuant to S.C. Code Ann. § 15-78-120(b), the City of Columbia is a governmental entity immune from an award of punitive damages for any common law claim. See, S.C. Code Ann. § § 5-1-10 et seq. Further, pursuant to 42 U.S.C. § 1981a(b)(1), a "complaining party may recover punitive damages under this Section against a respondent (*other than a government, government agency or political subdivision*) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or reckless indifference to the federally protected rights of an aggrieved individual." (emphasis added). Accordingly, all claims for punitive damages against the Defendant in this case are barred by state and federal law.

## BACK PAY AND REINSTATEMENT

The Magistrate Judge determined that an award by the South Carolina Workers' Compensation Commission, based upon Plaintiff's reported "total disability" to perform his former duties as a City of Columbia employee, bars his claims for back pay and reinstatement under the doctrine of judicial estoppel. The Plaintiff raises certain factual assertions regarding the basis of the "disability" that resulted in the workers' compensation award.

The record reveals that the Defendant has filed a motion for summary judgment on the merits and that briefs by both parties have been submitted for review. Accordingly, and with the consent of the parties, it is my determination to withhold judgment on this issue pending a Report and Recommendation by the Magistrate Judge on summary judgment. The parties may address this issue and any others that may arise from the Magistrate Judge's ruling at the appropriate time.

## ORDER

For the reasons stated herein, Defendant's motion to strike punitive damages is granted and all other matters are held in abeyance pending the issuance of a Report and Recommendation

on Defendant's motion for summary judgment pending before the United States Magistrate Judge.

AND IT IS SO ORDERED.

s/Matthew J. Perry, Jr.,
Matthew J. Perry, Jr.,
Senior United States District Judge

Columbia, South Carolina

September 28, 2009