IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Michael Cornelius, | ) |
| Plaintiff, | ) C/A No. 3:08-2508-MJP-PJG |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| City of Columbia, South Carolina, | ) |
| Defendant. | ) |

This employment discrimination matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the motion of the defendant, the City of Columbia ("City"), for summary judgment. (Docket Entry 81.) Following the issuance of an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff, Michael Cornelius ("Cornelius"), responded to the defendant's motion. (Docket Entries 87 & 88.) The defendant filed a reply (Docket Entry 91) and Cornelius submitted a sur-reply (Docket Entry 92). Having carefully considered the parties' submissions and the record in this case, the court recommends that the defendant's motion for summary judgment be granted.

## BACKGROUND

Cornelius was employed with the City from June 5, 1995 to March 14, 2007. During the course of his employment with the City, Cornelius filed numerous charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"), including the following that are relevant to the case at bar: (1) a January 7, 2004 charge alleging age discrimination in the issuance of a suspension and failure to promote, (2) a March 4, 2006 charge alleging retaliation in the issuance of a negative evaluation and notice of probation, (3) a February 5, 2007 charge alleging

retaliation based upon alleged discriminatory terms and conditions of employment, and (4) an April 11, 2007 charge alleging retaliation based upon termination from employment. The only charges properly before the court in this matter are Cornelius's February 5 and April 11 charges.[1]

In the February 5 charge, Cornelius alleges that the City retaliated against him by (1) issuing him a negative performance evaluation on January 8, 2007, (2) failing to provide him a copy of the evaluation, (3) placing him last in his section on an organizational chart, (4) denying him a transfer, and (5) accusing him of insubordination and sending him back to "the shop," an off-the-job site. Cornelius alleges that these acts of retaliation were due to the fact that he previously filed a charge against the City. (See Docket Entry 81-2 at 2.) Cornelius further asserts that on February 8, 2007, his supervisor, Harry Jivers, Jr., assaulted him after discovering that he filed the February 5 charge of discrimination. Cornelius reported this incident to his employer. (See Assault Incident Statement, Docket Entry 81-2 at 19-20.) Cornelius alleges that on February 12, he then filed criminal charges for assault with the local authorities.[2] Cornelius asserts that on February 27, 2007, Jivers was arrested, and Cornelius was placed on administrative leave. On March 14, 2007, the City terminated Cornelius's employment. (See Docket Entry 81-2.) The reasons provided for his termination were

---

[1] Cornelius's March 4, 2006 charge was the subject of a separate lawsuit, C/A No. 3:06-3215-MJP. On September 30, 2009, the court granted the City's motion for summary judgment in that matter. Cornelius v. City of Columbia, 663 F. Supp. 2d 471 (D.S.C. 2009). Cornelius is barred from attempting to re-litigate those claims in this lawsuit. See Sedlack v. Braswell Servs. Group, Inc., 134 F.3d 219, 224 (4th Cir. 1998) ("For collateral estoppel to apply, the proponent must establish that: (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue must have been actually determined in the prior proceeding; (3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment must be final and valid; and (5) the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the previous forum.").

[2] Cornelius had previously alleged threatening conduct by his supervisor, Jivers, on July 3, 2006.



(1) failure to meet minimum standards during his probationary evaluation of July 25, 2006 and his annual evaluation on January 8, 2007, and (2) providing willful false statements to supervisors concerning the alleged incidents on February 8, 2007 and July 3, 2006. (Docket Entry 81-2 at 7.) On April 11, 2007, Cornelius filed a second EEOC charge alleging that he was retaliated against when the City terminated him from employment on March 14, 2007. (See Docket Entry 81-2 at 4.) The EEOC dismissed both of the charges and informed Cornelius of his right to sue. (Docket Entry 1-1.)

## DISCUSSION

**A.** **Jurisdiction**

As an initial matter, the court observes that on November 2, 2009 Cornelius filed a Notice of Appeal with the United States Court of Appeals for the Fourth Circuit from an order of the court issued September 28, 2009, which granted the City's motion to strike a demand for punitive damages from Cornelius's Complaint. The Fourth Circuit has not yet ruled on the propriety of this interlocutory appeal. Generally, the filing of a notice of appeal, including an interlocutory appeal, "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (*per curiam*). However, this rule is subject to exception. One of the exceptions states that "the district court retains jurisdiction over matters in aid of the appeal." Fobian v. Storage Tech. Corp., 164 F.3d 887, 890 (4th Cir. 1999) (internal quotation and citation omitted). In this matter, it appears that Cornelius has attempted to appeal a non-final order. This court's final resolution of the pending, dispositive motion for summary judgment will aid in the ultimate resolution of Cornelius's appeal. Accordingly, it is properly considered by this court. See Minus v. Dak Americas LLC, No. 2:03-4029-23, 2005 WL 3968030, *1 n.1 (D.S.C. Mar. 11, 2005) (unpublished).



B.  *Pro Se* **Pleadings**

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson, 551 U.S. 89; Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

C.  **Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported Motion for Summary Judgment; the requirement is that there be no *genuine* issue of *material fact*." Ballinger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987). A fact is "material" if proof of its existence or non-

existence would affect the disposition of the case under the applicable law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  Id. at 257.

In discrimination cases, a party is entitled to summary judgment if no reasonable jury could rule in the non-moving party's favor.  Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 645 (4th Cir. 2002).  The court cannot make credibility determinations or weigh the evidence, but the court should examine uncontradicted and unimpeached evidence offered by the moving party.  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).  The court must determine whether a party's proffered evidence is legally sufficient to support a finding of discrimination and look at the strength of a party's case on its own terms.  The Reeves Court stated that:

> Certainly there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational fact-finder could conclude that the action was discriminatory. For instance, an employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred.

Reeves, 530 U.S. at 148.  The Fourth Circuit has stated that the Reeves Court instructs more broadly regarding the factors "on which the appropriateness of a judgment as a matter of law will depend in any case and will include 'the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employers' case and that properly may be considered on a motion for judgment as a matter of law.'"  Dennis, 290 F.3d at 649 (quoting Reeves, 530 U.S. at 148-49)).

**D.    Burden Shifting in Employment Cases**

To obtain relief based upon alleged retaliation under either the Age Discrimination in Employment Act ("ADEA") or Title VII, a plaintiff must demonstrate that: (1) he engaged in protected activity; (2) the employer took adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse action. See Causey v. Balog, 162 F.3d 795, 803 (4th Cir. 1998) (ADEA and Title VII). Once the plaintiff establishes a *prima facie* case of retaliation, the burden shifts to the defendant to produce evidence of a legitimate, nondiscriminatory reason for the adverse action. If the defendant meets this burden, the plaintiff must demonstrate by a preponderance of the evidence that the proffered reason was pretextual. Reeves, 530 U.S. at 147 (ADEA). Thus, once the employer produces affidavits offering a legitimate, nondiscriminatory reason for its action, the employee must prove by a preponderance of the evidence that the decision maker's affidavit is untrue or that retaliation was the true reason for the adverse employment action. Holland v. Washington Homes, Inc., 487 F.3d 208, 217 (4th Cir. 2007) (Title VII).

**E.    Cornelius's Claims**

**1.    February 5, 2007 Charge**

As stated above, in his February 5 charge, Cornelius alleges that the City retaliated against him by (1) issuing him a negative evaluation on January 8, 2007, (2) failing to provide him a copy of the evaluation, (3) placing him last in his section on an organizational chart, (4) denying him a transfer, and (5) accusing him of insubordination and sending him back to "the shop," an off-the-job site. Cornelius alleges that these acts of retaliation were due to the fact that he previously filed a charge against the City. (See Docket Entry 81-2 at 2.)

Based on the evidence presented here, Cornelius cannot meet the essential elements of a retaliation claim, as he has not established that any of the above actions were "adverse employment actions." Causey, 162 F.3d at 803; Cornelius, 663 F. Supp. 2d at 477 (holding that "Cornelius' complaints regarding an evaluation, a brief period of probation, alleged unwarranted criticism and unfavorable job assignments do not constitute 'adverse employment actions' protected by federal law").

Under the law in this circuit, "[a]n adverse employment action is a discriminatory act which adversely affects the terms, conditions, or benefits of the plaintiff's employment." James v. Booz-Allen & Hamilton, Inc., 368 F.3d 371, 375-76 (4th Cir. 2004) (internal quotations omitted). "A tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities or a decision causing a significant change in benefits." Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998). Cornelius's allegations fail to satisfy these requirements. Criticism, including a negative performance evaluation, does not constitute adverse employment action. See Lewis v. Forest Pharmaceuticals, Inc., 217 F. Supp. 2d 638, 648 (D. Md. 2002) (holding that reprimands do not *per se* affect the terms or conditions of employment); Naughton v. Sears, Roebuck & Co., No. 02-4761, 2003 WL 360085 at *5 n.1 (N.D. Ill. 2003); see also Parsons v. Wynne, 221 Fed. Appx. 197, 198 (4th Cir. 2007) (unpublished) (stating that a negative employment evaluation and change in work schedule were not materially adverse employment actions); Toomer v. S.C. Bank & Trust, C/A No. 5:06-2337-RBH, 2008 WL 725792 (D.S.C. Mar. 17, 2008) (holding that allegations of employer hostility, disrespect and ostracism could not demonstrate an adverse employment action). Thus, as to the claims stemming from his February 5 charge, Cornelius cannot establish the second element of a *prima facie* case for retaliation.

*PJG*

2.     **April 11, 2007 Charge**

As discussed above, Cornelius filed the April 11 charge alleging retaliation based upon his March 14, 2007 termination, which occurred approximately five weeks after Cornelius filed his February 5 charge. (Docket Entry 81-2 at 4.). While the question of causal connection is disputed, due to the temporal proximity of these events, the court will assume for the purposes of this motion that Cornelius can establish a *prima facie* case of retaliation. Nonetheless, any retaliation claim before the court by way of the April 11 charge must still fail, as the City has established legitimate, nondiscriminatory reasons for Cornelius's termination, which Cornelius has not adequately refuted.

Allison Baker, the Assistant City Manager and Director of the Parks and Recreation Department for the City of Columbia, attests that he is involved in the evaluation and discipline of the 360 employees under his supervision. (Baker Aff. ¶¶ 1, 2, Docket Entry 81-2 at 2.) With regard to the decision to terminate Cornelius, Baker avers that Cornelius was "afforded multiple opportunities to continue his employment with the City including a period of probation." (Id. ¶ 6.) However, according to Baker, following the probationary period Cornelius continued to fail to cooperate and "ultimately made a statement that co-workers observed an assault by his supervisor, Harry Jivers." (Id., Docket Entry 81-2 at 2-3.) Baker attests that the City conducted an internal investigation, which failed to support Cornelius's allegation regarding the assault, as none of the co-workers stated that they observed an assault. The City had previously warned Cornelius, following a determination that the June 2006 allegation by Cornelius was unsupported, not to make false accusations concerning employees and that if he did so again he would be terminated. (See Docket Entry 81-2 at 43-44.)

As stated above, the City has introduced evidence that Cornelius was terminated on March 14, 2007 for making two false statements and for poor performance reviews. Baker attests that after

Cornelius was terminated, Cornelius filed a grievance concerning his termination and the City's Grievance Committee recommended upholding the termination. The City Manager accepted that recommendation. (Baker Aff. ¶ 6, Docket Entry 81-2 at 3.) Finally, Baker denies any form of retaliation or discrimination against Cornelius. (Id. ¶ 9.)

In response, Cornelius recites an extensive factual background that primarily focuses on events and allegations that are not the subject of this suit;[3] however, Cornelius does include a discussion of his version of the events surrounding his termination. Pertinent to his claim that his termination was based on retaliation, Cornelius appears to rely on three pieces of evidence to show that the City's reasons for terminating him were pretextual. First, Cornelius argues the defendant has failed to produce a document to prove that the City Manager, Charles P. Austin, upheld his termination. In reply, the City submits an affidavit from Austin attesting that he agreed with the Grievance Committee's recommendation to terminate Cornelius and that he authorized Aubrey Jenkins to inform Cornelius of the decision. (Austin Aff., Docket Entry 91-1 at 2.) Cornelius argues that this is hearsay because he has not received prior written proof of Austin's approval and appears to argue that Austin had to approve Baker's initiation of disciplinary proceedings prior to Cornelius's appearance before the Grievance Committee. Even if Cornelius's assertions on this point were true, the failure of Austin to approve *in writing* Cornelius's sanction and termination is not probative of the issue of pretext. Cornelius has presented no evidence refuting Austin's averment that he in fact approved the actions take by the City. Moreover, even if Austin had not been involved in those

---

[3] In his response, Cornelius also re-argues matters pertaining to discovery. Cornelius has had ample opportunity to conduct discovery in this case and the court has previously ruled on the discovery issues he attempts to reassert here. (Minute Entries, Docket Entries 58 & 89.)

decisions, such a fact would not demonstrate that the City's proffered reasons for terminating Cornelius were pretextual.

Second, Cornelius alleges that Baker failed to properly investigate his March 2007 assault allegation and that the employees he identified as witnesses to the alleged assault were instructed by Baker not to write letters of support for Cornelius. (Docket Entry 88 at 9-10.) However, Cornelius fails to provide any support whatsoever for this assertion.

Finally, Cornelius appears to argue that he has been subjected to ongoing retaliation since he informed Baker in 2003 that he intended to file an age discrimination charge, which he ultimately filed in 2004. In support of this argument, Cornelius submits two affidavits of Moses Cannon, a former supervisor of Cornelius. In his first affidavit, Cannon praises Cornelius's work performance. (Cannon Aff., Docket Entry 88-1 at 6-8.) In his second affidavit, without indicating a time period, Cannon discusses Baker's alleged inappropriate treatment of Cornelius and attributes it to retaliation. However, it appears that Cannon was an employee of Parks and Recreation only until September 6, 2004 and, further, that he was removed from his position of authority in September 2003 by Baker. (Cannon Aff., Docket Entry 88-3 at 28-29.) Consequently, Cannon's second affidavit has very limited probative value as to events after 2004. Notably, Cornelius was not terminated until 2007. Although the court assumed for the purposes of this motion that sufficient evidence of a causal connection existed to established a *prima facie* case if Cornelius is asserting retaliation for the filing of the February 5 charge, no such inference can be made as to a claim of retaliation based on a charge filed in 2004. See Price v. Thompson, 380 F.3d 209, 213 (4th Cir. 2004) (holding that a causal connection may be inferred "where the employer takes adverse employment action against an employee shortly after learning of the protected activity"); Pascual v. Lowe's Home Centers, Inc., 193 Fed. Appx. 229, 232 (4th Cir. 2006) (unpublished) (finding four months between the protected

activities and the adverse action too long to establish a causal connection by temporal proximity alone).

Thus, none of these arguments avail Cornelius because, even taking them as true, Cornelius's claims fail as a matter of law. As to any claim of retaliation for the filing of the 2004 charge, no *prima facie* case can be established, so the question of pretext does not even arise. With regard to a claim of retaliation for the February 2007 charge, no reasonable jury could find that the City's reasons for his termination were pretextual. Cornelius has presented no evidence that Baker's affidavit is untrue or that retaliation was the true reason for his termination. See Holland, 487 F.3d at 217. Cannon's affidavit regarding events from 2004 and Cornelius's assertion that Baker prevented the employees from submitting statements in support of his assault allegation, without further support, do not establish any basis to refute the legitimate grounds for his termination offered by the City. Moreover, where an employer uses established procedures and provides supporting written documentation, second-guessing by the employee or others not involved in the decision making process cannot establish pretext. See Thompson v. S.C. Dep't of Corr., C/A No. 3:06-1020, 2007 WL 1726530 (D.S.C. June 14, 2007). Although Cornelius contends that not all the steps of the City's termination procedure were properly followed, Austin's affidavit reveals otherwise and Cornelius has failed to present any reasonable basis to dispute its veracity. Accordingly, Cornelius has presented only weak evidence or unsupported suspicions and cannot refute the legitimate reasons offered for the challenged employment actions. See Reeves, 530 U.S. at 148-49.

F. **Reinstatement and Back Pay**

Finally, the City has moved for summary judgment to the extent that Cornelius seeks relief in the form of reinstatement and back pay. As discussed in the court's Order and Report and Recommendation filed on June 23, 2009, Cornelius consented to striking his request for



reinstatement of a position with the City. (Docket Entry 95 at 2.) With regard to his request for back pay, for the reasons stated in the court's prior Order and Report and Recommendation of June 23, 2009, Cornelius is judicially estopped from seeking back pay and the City is entitled to summary judgment on this request for relief. (Docket Entry 95.)

## RECOMMENDATION

With regard to the claims encompassed in the February 5 charge, Cornelius has failed to establish a *prima facie* case in that his allegations, even accepted as true, do not constitute adverse employment actions as a matter of law. As to the claims relating to the April 11 charge, even assuming Cornelius could establish a *prima facie* case, he has failed to present sufficient evidence from which a reasonable jury could find that the City's stated legitimate, nondiscriminatory reasons were pretextual. See Reeves, 530 U.S. at 148-49. Accordingly, the court recommends that the City's motion for summary judgment (Docket Entry 81) be granted.

*(signature)*
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 24, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).