IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Michael Cornelius, | ) | C/A No. 3:08-2508-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| City of Columbia, South Carolina, | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |

Through this action, Plaintiff Michael Cornelius ("Cornelius") seeks recovery for multiple instances of alleged retaliation in employment. Specifically, Cornelius alleges that his employer, City of Columbia, South Carolina ("the City"), retaliated against him for filing a charge of discrimination based on violation of the Age Discrimination in Employment Act ("ADEA") on January 7, 2004, and a later retaliation charge on March 4, 2006. These charges provide the basis for the alleged retaliatory motivation but are not otherwise at issue in this action. *See* Dkt. No. 123 at n.1 (Report and Recommendation ("Report") explaining that the March 4, 2006 charge was the subject of a separate lawsuit). Instead, the focus of this action is on events occurring between January 2007 (when Cornelius received a poor performance review) and March 2007 (when he was terminated). These allegations are summarized in EEOC charges filed on February 5, 2007, and April 11, 2007 respectively.[1]

---

[1] The court refers to the two distinct sets of allegations by reference to the two corresponding EEOC charges in the remainder of this order.

The matter is now before the court on the City's motion for summary judgment.[2] For the reasons set forth below, that motion is granted in part and denied in part. To the extent the motion is denied, it is because the City's arguments rest on an incorrect statement of the law as to the second element of a *prima facie* case of retaliation. The Report contains the same error. Nonetheless, because it appears that at least partial summary judgment may be appropriate under the correct legal standard, the court will allow the City to file a renewed motion for summary judgment within twenty-eight days of entry of this order. In the interim, this matter is recommitted to the Magistrate Judge.[3]

**BACKGROUND**

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), (g), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report. On February 24, 2010, the Magistrate Judge issued a Report recommending that Defendant's motion for summary judgment be granted in full. Dkt. No. 123.

The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Cornelius timely filed objections on March 17, 2009. Dkt No. 132. The City responded to Cornelius's objection on March 25, 2010.[4]

---

[2] After the Report was issued, this matter was reassigned from The Honorable Matthew J. Perry, Jr., to the undersigned as the District Judge responsible for final disposition. The Magistrate Judge assignment for non-dispositive matters remains unchanged.

[3] A motion to recuse the assigned Magistrate Judge was filed after entry of the Report. This motion is referred to the Magistrate Judge but need not be addressed unless and until other motions are filed which require the Magistrate Judge's consideration. *See infra* n.10 (addressing circumstances which might moot the recusal motion).

[4] Cornelius was granted an extension of time to file his objections. Dkt. No. 129.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Magistrate Judge's Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

**DISCUSSION**

**I. Partial Adoption of the Report and Recommendation.**

The court has made a *de novo* review of the Report and underlying record as to all matters to which Plaintiff lodged an objection and has reviewed the Report for clear error as to other matters. Having done so, the court adopts the Report and its rationale to the extent it recommends the following rulings: (1) only those events addressed in the EEOC charges filed on February 5, 2007, and April 11, 2007, are properly before the court (Dkt. No. 123 n.1); (2) the court has jurisdiction to address the City's motion for summary judgment despite Cornelius's filing of an interlocutory appeal as to an earlier order (*id.* at 3-4); (3) Cornelius's pleadings should be construed liberally, but not so broadly as to include claims or legal arguments which were never presented (*id.* at 4); and (4)

3

Cornelius is barred by judicial estoppel from pursuing either reinstatement or back pay (*id.* at 11-12).

The court also adopts, in part, the rationale of the Report with respect to those portions of Cornelius's retaliation claim which correspond with his April 11, 2007 charge. Specifically, the court agrees that Cornelius has failed to proffer sufficient evidence of pretext to overcome one of the City's proffered legitimate reasons for his termination: the City's conclusion that Cornelius had falsely charged his supervisor with assault. *See infra* at 7. The court also agrees that testimony from a former supervisor as to Cornelius's performance several years earlier is not probative of his performance at some later time. *See infra* n.9. This partial agreement as to the rationale is not, however, sufficient to allow the court to adopt the ultimate recommendation for reasons addressed below.

## II.     Partial Denial of Summary Judgment

The court declines to adopt the remaining recommendations of the Report because the Magistrate Judge erred in stating and applying the second element of a *prima facie* case for retaliation. This error was determinative of the recommendation that the court grant summary judgment with respect to the events alleged in Cornelius's February 5, 2007 charge. *See* Dkt. No. 123 at 7. Further, because a critical aspect of the February 5, 2007 charge involved a performance appraisal on which the City relied as one of two reasons for Cornelius's later termination, the error as to Cornelius's February 5, 2007 charge casts doubt on the recommendation as to the events addressed in his April 11, 2007 charge.

In stating the second element of Cornelius's *prima facie* case, the Magistrate Judge required proof of an "adverse employment action . . . which adversely affects the terms, conditions, or benefits of the plaintiff's employment." *Id.* While this is a correct statement of the second element of the

4

*prima facie* case for a substantive claim of discrimination, it is no longer the element applied to claims of retaliation. *See Burlington Northern & Sante Fe Railway Co. v. White*, 548 U.S. 53 (2006).[5]

In *Burlington Northern*, the Court distinguished "Title VII's substantive provision [from] its antiretaliation provision" and held that, to prove a retaliation claim, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id*. at 67-68 (internal quotation marks omitted). The Court also noted that the requirement of "material adversity" was intended "to separate significant from trivial harms." *Id*.

Subsequent decisions have applied the *Burlington Northern* standard to retaliation claims pursued under "comparable provisions of other federal statutes." *Darveau v. Detecon, Inc.*, 515 F.3d 334 (4th Cir. 2008) (stating, in applying the *Burlington Northern* standard to a FLSA retaliation claim, that there was an "almost uniform practice of courts in considering the authoritative body of Title VII case law when interpreting the comparable provisions of other federal statutes"). Most critically for purposes of this action, the Fourth Circuit has applied the *Burlington Northern* elements to allegations of retaliation under the ADEA. *See Harman v. Unisys*, 2009 WL 4506463 (4th Cir. 2009) (applying the same elements to retaliation claims under Title VII, the ADEA and 42 U.S.C. § 1981).

In seeking summary judgment on those portions of Cornelius's claims which correspond with his February 5, 2007 EEOC charge, the City relies primarily on an argument that Cornelius has failed

---

[5] Both the City and the Report cite to *Parsons v. Wynne*, 221 Fed. Appx. 197, 198 (4th Cir. 2007), which quotes *Burlington Northern* for the correct legal standard. Neither the City nor the Report, however, note *Parsons*' acknowledgment of the then-recently changed standard.

5

to allege a sufficient injury. This argument rests on an incorrect statement of the second element of the *prima facie* case as discussed above.[6] The Report, likewise, relies on an incorrect statement of the second element in recommending that the court grant the City's motion as to this portion of Cornelius's claims. This reliance on an incorrect statement of the law constitutes clear error. The court, therefore, declines to adopt this recommendation.[7]

The City also included a brief argument that this portion of Cornelius's claims should be dismissed because he "failed to offer any proof that these actions were motivated by unlawful retaliation." The City noted that Cornelius had not brought "these issues to the attention of the City's Grievance Committee or the City Manager" and had failed to "establish unlawful motivation by the statutorily designated decisionmaker[.]" The superficial and conclusory nature of these arguments

---

[6] Although the City cites *Parsons* (*supra* n.5), it, like the Magistrate Judge, relies primarily on cases decided before *Burlington Northern*. *See* Dkt. No. 81-1 at 9. The City also relies on a recent District Court decision as supporting the pre *Burlington Northern* elements of a retaliation claim. *See id.* (citing *Toomer v. S.C. Bank & Trust*, 2008 WL 725792 (D.S.C. 2008)). In *Toomer*, the court adopted a Magistrate Judge's Report which, in turn, applied the old elements rejected by *Burlington Northern*. Ironically, the first case cited in the *Toomer* Report as supporting the older statement of the elements expressly noted that the second element had recently been modified by *Burlington Northern*. *Toomer*, 2008 WL 725792 at *10 (citing *Lettieri v. Equant, Inc.*, 478 F.3d 640 (4th Cir. 2007)); *Lettieri*, 478 F.3d at 650, n.2 (noting recent change in standard in light of *Burlington Northern*). The City cites this same footnote and references its quotation of *Burlington Northern*, for a different proposition, but misses the critical change in the applicable standard. Dkt. No. 81-1 at 11.

[7] The performance appraisal at issue was apparently issued while Cornelius was in a probationary status and was sufficiently adverse to support his termination. If this characterization of the facts is correct, the court cannot conclude that the performance appraisal amounted to a mere trivial harm, either considered alone or in the context of the other harms alleged in the February 5, 2007 charge.

6

fails to present the court with a sufficient record to address them.[8] They may, however, be further developed by a second motion for summary judgment as allowed by this order.

As to the portion of Cornelius's claims which correspond with his April 11, 2007 EEOC charge, the Report assumes proof of a *prima facie* case and focuses, instead, on whether Cornelius has directed the court to sufficient evidence that the City's proffered legitimate reasons for his termination were pretextual. The presumption as to the *prima facie* case minimizes any harm flowing from a misstatement of the second element. Nonetheless, the error requires denial of the motion for summary judgment because the termination was based on two grounds, one of which was Cornelius's earlier low performance ratings (including, most critically, the rating addressed in his February 5, 2007 charge). Given the court's decision as to the February 5, 2007 charge, this reliance requires reconsideration as to this particular ground for termination. The alternative, and arguably primary, ground for termination (the employer's conclusion that Cornelius had filed false assault charges against his supervisor) was, however, appropriately addressed in the Report and is adopted by this court. Thus, as to the allegations which correspond with the April 11, 2007 charge, any subsequent motion for summary judgment need only address the effect of the employer's reliance on the additional ground for dismissal (the negative performance appraisal issued in January 2007).[9]

---

[8] The City does not, for example, address which persons should be considered "decisionmakers" for purposes of the performance review which was signed by three supervisory employees. Neither does the City address motivation beyond its cursory assertion that there is no evidence of improper motivation.

[9] As to this issue, the court agrees that earlier performance reviews and deposition testimony from a former supervisor regarding Cornelius's performance several years earlier is not probative of whether the three individuals who signed his January 2007 performance review were providing their honest opinions of Cornelius's performance. Similarly, although Cornelius directs the court to deposition testimony of a co-worker, Moses Joyner, Jr., ("Joyner") who opined that Cornelius was a "good worker" who could do "pretty much everything" and who viewed one or more of Cornelius's performance appraisals as unfair (Joyner dep. at 12 & 15), this evidence does not cast

## CONCLUSION

For the reasons set forth above, the court grants in part and denies in part the City's motion for summary judgment and grants leave to file a second motion for summary judgment addressing the remaining issues under the appropriate elements of Cornelius's *prima facie* case. Any such motion shall be filed within twenty-eight days of entry of this order. The matter is recommitted to the Magistrate Judge.[10]

**IT IS SO ORDERED.**

    s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 26, 2010

---

doubt on the honesty of the opinions expressed in the January 2007 performance review. This is, in part, because Joyner's testimony is too generic to cast doubt on any specific opinions expressed in the performance review.

[10] The referral to the Magistrate Judge shall be automatically withdrawn if no renewed motion for summary judgment or other motion is filed within the allowed twenty-eight days. In the event of such withdrawal of the reference, the recusal motion will be deemed moot.