IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Michael Cornelius, | ) | C/A No. 3:08-2508-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| City of Columbia, South Carolina, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This employment discrimination matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the motion of the plaintiff, Michael Cornelius ("Cornelius"), for recusal of the assigned magistrate judge. (ECF No. 133.) Cornelius bases his motion on both 28 U.S.C. § 144 and 28 U.S.C. § 455. The defendant, the City of Columbia ("City"), filed a response in opposition. (ECF No. 135.) Having considered the parties' submissions and the applicable law, the court finds that Cornelius's motion must be denied.

## BACKGROUND

Cornelius has litigated three cases before the undersigned magistrate judge. In two of these, including the instant matter, Cornelius v. City of Columbia, C/A No. 3:08-2508-CMC-PJG, and a related previous case, Cornelius v. City of Columbia, C/A No. 3:06-03215-MJP, Cornelius represented himself. Both of these actions are currently on appeal to the United States Court of Appeals for the Fourth Circuit.[1] An unrelated third matter, Cornelius v. Crescent Bank & Trust,

---

[1] The court notes that the interlocutory appeal in the instant case challenges the district judge's order (ECF No. 115) striking Cornelius's prayer for punitive damages against the Defendant City of Columbia. The undersigned's recommendation on this issue is one of the rulings upon which Cornelius's instant motion for recusal is based.

PJG

3:09-02222-CMC-PJG, settled with little or no involvement by the court. Dissatisfied with the court's rulings and recommendations in the instant case, Cornelius now seeks recusal of the undersigned magistrate judge on the ground of actual bias or prejudice.

## DISCUSSION

### A. Governing Law

#### 1. General Rule

The United States Court of Appeals for the Fourth Circuit has recognized that " 'there is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." Nakell v. Attorney Gen. of N.C., 15 F.3d 319, 325 (4th Cir. 1994) (quoting In re Union Leader Corp., 292 F.2d 381, 391 (1st Cir. 1961)); see also Code of Judicial Conduct, Canon 3A(2) ("A judge should hear and decide matters assigned, unless disqualified . . . ."). Other Circuits have similarly held. See United States v. Holland, 519 F.3d 909, 912 (9th Cir. 2008); Maier v. Orr, 758 F.2d 1578, 1583 (Fed. Cir. 1985); United States v. Snyder, 235 F.3d 42, 46 (1st Cir. 2000). As the Ninth Circuit eloquently summarized in Holland:

> This proposition is derived from the "judicial [p]ower" with which we are vested. See U.S. Const. art. III, § 1. It is reflected in our oath, by which we have obligated ourselves to "faithfully and impartially discharge and perform [our] duties" and to "administer justice without respect to persons, and do equal right to the poor and to the rich." 28 U.S.C. § 453. Without this proposition, we could recuse ourselves for any reason or no reason at all; we could pick and choose our cases, abandoning those that we find difficult, distasteful, inconvenient or just plain boring. . . .
>      It is equally clear from this general proposition that a judge may *not* sit in cases in which his "impartiality might reasonably be questioned." 28 U.S.C. § 455(a); see also id. § 455(b) (enumerating circumstances requiring recusal). We are as bound to recuse ourselves when the law and facts require as we are to hear cases when there is no reasonable factual basis for recusal. See Clemens v. U.S. Dist. Ct., 428 F.3d 1175, 1179 (9th Cir. 2005); Nichols v. Alley, 71 F.3d 347, 352 (10th Cir. 1995). If it is a close case, the balance tips in favor of recusal. United States v. Dandy, 998 F.2d 1344, 1349 (6th Cir. 1993).

Id. at 912 (alterations and emphasis in original).



## 2.       Recusal

Recusal of federal judges is generally governed by 28 U.S.C. § 455.[2]  Subsection (a) of § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality.  United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003).  For purposes of this statute, the hypothetical "reasonable person" is not a judge, since judges, who are trained to regard matters impartially and are keenly aware of that obligation, "may regard asserted conflicts to be more innocuous than an outsider would." United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998).  The "reasonable person" is a "well-informed, thoughtful observer," but not one who is "hypersensitive or unduly suspicious."   In re Mason, 916 F.2d 384, 386 (7th Cir. 1990).

Section 455(a) does not require recusal "simply because of unsupported, irrational or highly tenuous speculation," or because a judge "possesses some tangential relationship to the proceedings." Cherry, 330 F.3d at 665 (internal quotation omitted).  The Fourth Circuit recognizes that overly cautious recusal would improperly allow litigants to exercise a "negative veto" over the assignment of judges simply by hinting at impropriety.  DeTemple, 162 F.3d at 287.  Recusal decisions under § 455(a) are "fact-driven and may turn on subtleties in the particular case." United States v. Holland, 519 F.3d 909, 912 (9th Cir. 2008).

Subsection (b) of § 455 further provides a list of specific instances where a federal judge's recusal is mandated, regardless of the perception of a reasonable observer.  Liteky v. United States,

---

[2] Notably, § 455 largely tracks the language of Canon 3C of the Code of Conduct for United States Judges, which also governs recusal of federal judges.



510 U.S. 540, 567 (1994) (Kennedy, J., concurring).  Pertinent here, § 455(b)(1) disqualifies a judge "[w]here he has a personal bias or prejudice concerning a party."  28 U.S.C. § 455(b)(1).  Bias or prejudice must be proven by compelling evidence.  Brokaw v. Mercer Cnty., 235 F.3d 1000, 1025 (7th Cir. 2000).

Similarly, 28 U.S.C. § 144 mandates recusal when a party to a "proceeding in a district court" demonstrates by a timely and sufficient affidavit that the "judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."  The procedures for seeking recusal under § 144 differ from those under § 455(b)(1).  Givens v. O'Quinn, 2005 WL 3359115, at *2 (W.D. Va. Dec. 7, 2005) (unpublished).  Furthermore, where actual bias is demonstrated pursuant to § 144, recusal will generally also be required in any event under § 455(a)'s standard of an *appearance* of bias.

The United States Supreme Court has made clear that to warrant disqualification, "[t]he alleged bias or prejudice . . . must stem from an extrajudicial source . . . other than what the judge learned from his participation in the case."  United States v. Grinnell Corp., 384 U.S. 563, 583 (1966).  In applying the extrajudicial source doctrine, the Supreme Court has held that

> judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.  In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.

Liteky v. United States, 510 U.S. 540, 555 (1994) (citation omitted).  The extrajudicial source doctrine applies under both § 455 and § 144.  Grinnell, 384 U.S. at 582-83; Liteky, 510 U.S. at 550, 554.

PJG

**B.     Cornelius's Motion**

Cornelius's motion raises no ground warranting recusal under this governing law.  His grievances all stem from the court's rulings—and apparently only those in the instant case.  (See Pl.'s Mem. Supp. Mot. Recuse, Attach. 3, Cornelius Aff. ¶1-2, ECF No. 133-5 at 2 (apparently asserting that the court treated him differently in the instant case than in his prior case)).  The bases of his motion are essentially fourfold:  (1) his apparent belief that the court has denied all of his discovery motions;[3] (2) his vehement disagreement with the district judge's ruling, based on the undersigned's recommendation, that Cornelius was barred as a matter of law from recovering punitive damages against the City of Columbia, an issue that Cornelius is currently attempting to litigate on an interlocutory appeal; (3) his objections to the court's finding in a previous Report and Recommendation that, as a matter of law, Cornelius had not presented sufficient evidence from which a reasonable jury could find that the City's proffered reason for discharging Cornelius was pretextual; and (4) his objection to the court's finding that Cornelius was judicially estopped from taking a position in this litigation that was contrary to that taken in his previous workers compensation case.  (Mot. for Recusal, ECF No. 133 at 1-2, 133-5 at 3.)  Such "the-judge-has-ruled-against-me-therefore-the-judge-must-be-biased" allegations are precisely the types of grievances that courts have long held do not justify recusal.  See Grinnell, 384 U.S. at 583; Liteky, 510 U.S. at 555.  Rather, Cornelius's avenues of redress with regard to disagreements with recommendations of the assigned magistrate judge include filing objections with the district judge pursuant to 28 U.S.C.

---

[3] A review of the docket shows that Cornelius's belief is incorrect, as the minute entry from the discovery hearing shows that the court granted at least some of the relief he sought by directing the defendants to make discovery documents available to Cornelius for inspection at a time that accommodated Cornelius's work schedule and by providing Cornelius additional time to review his deposition transcript and complete an errata sheet.  (ECF No. 58.)

§ 636 and appealing any ruling he believes to be erroneous to the Fourth Circuit, opportunities of which Cornelius has already availed himself.

Finally, Cornelius's motion under § 144 fails for the additional reason that his affidavit asserting bias is insufficient. As an initial matter, the court observes that a question exists as to whether § 144 even applies to magistrate judges or whether it is limited solely to district judges. See Liteky, 510 U.S. at 548 (stating that § 455(b)(1) "duplicated the grounds for recusal set forth in § 144 ('bias or prejudice'), but (1) made them applicable to *all* justices, judges, and magistrates (and not just district judges), and (2) placed the obligation to identify the existence of those grounds upon the judge himself, rather than requiring recusal only in response to a party affidavit") (emphasis in original). Even assuming § 144's applicability to the undersigned, however, it is well settled that a § 144 affidavit must be both timely and sufficient. 28 U.S.C. § 144; see also United States v. Owens, 902 F.2d 1154, 1155 (4th Cir. 1990) (discussing § 144 and stating that "[t]imeliness is an essential element of a recusal motion"). An affidavit is sufficient to warrant recusal under § 144 only if its allegations, taken as true, firmly show a disqualifying bias. See, e.g., In re Martinez-Catala, 129 F.3d 213, 218 (1st Cir. 1997). "[T]he facts averred must be sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." United States v. Sykes, 7 F.3d 1331, 1339 (7th Cir. 1993); see also United States v. Alabama, 828 F.2d 1532, 1540 (11th Cir. 1987) (requiring allegations in a § 144 affidavit to be "material and stated with particularity" and sufficient to "convince a reasonable person that a bias exists"). Here, all of the averments in Cornelius's affidavit involve prior rulings by the court and are therefore insufficient under the extrajudicial source doctrine. See Grinnell, 384 U.S. at 583 (applying extrajudicial source doctrine to § 144).

PJG

**ORDER**

Cornelius has not identified any basis for recusal under governing law. Accordingly, it is

**ORDERED** that his motion for recusal (ECF No. 133) is **DENIED**.

**IT IS SO ORDERED.**

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 15, 2010
Columbia, South Carolina