IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Michael Cornelius, | C/A No. 3:08-2508-CMC-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| City of Columbia, South Carolina, | |
| Defendant. | |

This employment discrimination matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the second motion of the defendant, the City of Columbia ("City"), for summary judgment. (ECF No. 141.) By order dated March 26, 2010 the Honorable Cameron McGowan Currie, United States District Judge, granted the City leave to file a second motion for summary judgment to further develop arguments raised in their motion filed March 17, 2009. (ECF No. 136.) Following the issuance of an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff, Michael Cornelius ("Cornelius"), responded to the defendant's second motion. (ECF No. 144.) Having carefully considered the parties' submissions and the record in this case, the court finds that the defendant's motion for summary judgment should be granted.

**BACKGROUND**

The court's Report and Recommendation entered February 24, 2010 contains a full discussion of the events pertinent to the resolution of the defendant's motion and is incorporated herein. (ECF No. 123.) Briefly, Cornelius alleges in this action that the City retaliated against him

for filing charges of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"). Remaining before the court are Cornelius's claims that the City retaliated against him by providing him with a negative performance evaluation on January 8, 2007 and by terminating his employment on March 14, 2007.

## DISCUSSION

**A.      Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported Motion for Summary Judgment; the requirement is that there be no *genuine* issue of *material fact*." Ballinger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. Id. at 257.

In discrimination cases, a party is entitled to summary judgment if no reasonable jury could rule in the non-moving party's favor. Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 645 (4th Cir. 2002). The court cannot make credibility determinations or weigh the evidence, but the court should examine uncontradicted and unimpeached evidence offered by the moving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). The court must determine whether a party's offered evidence is legally sufficient to support a finding of discrimination and

look at the strength of a party's case on its own terms. See id. at 148 (stating that "[c]ertainly there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational fact-finder could conclude that the action was discriminatory").

B.  **Remaining Issues**

   1.  **April 11, 2007 Charge**

Judge Currie's Order permitted the defendants to further develop the record regarding the issue of whether Cornelius had presented sufficient evidence from which a reasonable jury could find that the City's actual decision makers were motivated by unlawful retaliation. (Order, ECF No. 136 at 6-7.) The City advances two arguments in support of its position. First, the City argues that the City's legitimate and nondiscriminatory reason for terminating Cornelius in March of 2007 was that it determined that Cornelius had made false accusations against his supervisor on two occasions within a year. The City contends that the actual decision makers—the Grievance Committee and the City Manager—were unaware of Cornelius's prior EEOC charges; hence, they could not have been motivated by unlawful retaliation.

The court agrees. Under South Carolina law, a municipal employee has the right to certain grievance proceedings before an employment action such as termination can become final. See S.C. Code Ann. § 8-17-110. These proceedings include, among other things, a hearing before a committee of co-workers, whose findings are subject to review by the statutorily designated decision maker. S.C. Code Ann. § 8-17-140. With regard to a municipality with a council-manager form of government such as the City of Columbia, the city manager has the ultimate authority for all

employment decisions and is the statutorily designated decision maker. See S.C. Code Ann. § 5-13-90(1).

The City has presented evidence showing that upon learning of Assistant City Manager Baker's recommendation to discharge him, Cornelius availed himself of his right to a hearing before the grievance committee. Cornelius does not dispute that no member of the committee was employed in Cornelius's department, and that no member of the committee had knowledge of Cornelius's prior administrative charge of discrimination. (Cornelius Dep. of Nov. 16, 2007 at 155-19, ECF No. 141-3 at 10-14; Cornelius Dep. of Oct. 9, 2008 at 87-91, ECF No. 141-3 at 44-48.) The primary reason for Cornelius's termination that was proffered to the grievance committee by Assistant City Manager Baker was that Cornelius had made false statements to his supervisors regarding incidents occurring in July 2006 and February 2007. (Grievance Tr. at 14, ECF No. 141-3 at 57.) The grievance committee issued a report to the City Manager which specifically found that Cornelius was terminated for giving false statements to a supervisor. (Grievance Committee Recommendation, ECF No. 141-3 at 67.) No mention was made of Cornelius's work performance or negative evaluation. (Id.) The city manager approved the grievance committee's recommendation of termination on the basis of the false statements. (Austin Aff. ¶3, ECF No. 141-3 at 71-72.) Cornelius has offered no evidence supporting his speculation that his discharge was motivated by retaliation rather than this legitimate, nondiscriminatory reason advanced by the City.

Moreover, even assuming that Baker was motivated by unlawful retaliation, the court cannot find that any such unlawful motive can be attributed to the grievance committee or the city manager. See Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277 (4th Cir. 2004) (*en banc*). Under Title VII an employer is defined as "a person engaged in an industry affecting commerce . . . and any

Page 4 of 9

PJG

agent of such a person." 42 U.S.C. § 2000e(b). The Fourth Circuit takes a strict view regarding the determination as to who can be considered an agent of an employer for Title VII liability purposes. See, e.g., Ricci v. DeStefano, 129 S. Ct. 2658, 2688-89 (2009) (Alito, J., concurring) (discussing various circuits' approaches to the question of when an employer may be held liable based on the discriminatory intent of subordinate employees who influence but do not make the ultimate employment decision and noting that the Fourth Circuit has the "least employee-friendly standard"); Hill, 354 F.3d at 291 (discussing the determination of who is a decision maker for purposes of liability under discrimination statutes). In defining the parameters of when an employer may be held liable for the discriminatory animus demonstrated by an employee who is *subordinate* to the ultimate decision maker, the Hill Court found that Title VII does not limit the discrimination inquiry to the actions or statements of "formal decisionmakers" for the employer. Id. at 290. Such an approach, the Hill Court noted, would allow an employer to insulate itself from liability "simply by hiding behind the blind approvals, albeit non-biased, of formal decisionmakers." Id. at 290. Nonetheless, "to survive summary judgment, an aggrieved employee who rests a discrimination claim under Title VII or the ADEA upon the discriminatory motivations of a subordinate employee must come forward with sufficient evidence that the subordinate employee possessed such authority as to be viewed as the one principally responsible for the decision or the actual decisionmaker for the employer." Id. at 291. In this case, even viewing the facts in the light most favorable to Cornelius and assuming that Baker was motivated by unlawful retaliation, there is no evidence that the ultimate decision makers—the grievance committee and the city manager—blindly accepted or rubber-stamped Baker's recommendation. After Cornelius filed a grievance challenging Baker's recommendation

of termination, the grievance committee conducted a hearing, made findings, and issued its own recommendation, which the City Manager ultimately accepted.

Moreover, Baker's alleged unlawful motive cannot be attributed to the City in light of the total absence of evidence that the final decision makers were even aware of Cornelius's EEOC charges. See Baqir v. Principi, 434 F.3d 733, 748 (4th Cir. 2006) (stating that the plaintiff must be able to show that the officials were aware of the protected activity at the time the alleged retaliation occurred); Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 657 (4th Cir. 1998) (stating that the decision maker's "knowledge that the plaintiff engaged in a protected activity is absolutely necessary to establish the third element of the prima facie case"); Causey v. Balog, 162 F.3d 795, 803 (4th Cir. 1998) ("Knowledge of a charge [of discrimination] is essential to a retaliation claim.").

Judge Currie's Order also permitted the City to address its reliance on the January 2007 performance evaluation as a basis for Cornelius's termination. (Order, ECF No. 136 at 7.) In its second motion, the City has presented evidence that the ultimate termination decision was based solely on the false statements determined to have been made by Cornelius. (Grievance Committee Recommendation, ECF No. 141-3 at 67; Austin Aff., ECF No. 141-3 at 71.) Cornelius has failed to present evidence refuting this.

### 2. February 5, 2007 Charge

In Cornelius's February 5 charge, he contends that the January 2007 negative performance evaluation, among other harms, was made in retaliation for his filing a previous administrative

*PJG*

charge.[1]  However, Cornelius has not presented sufficient evidence from which a reasonable jury could find that his performance evaluation was motivated by unlawful retaliation.  First, Cornelius was already receiving negative comments regarding his attitude in his performance evaluations even before he filed the EEOC Charge at issue.  (Performance Evaluations, ECF No. 141-2 at 3-7 & 9-13.)  Second, the administrative charge that Cornelius contends motivated the negative January 2007 performance evaluation and transfer denial preceded them by nearly ten months.  Courts have held that the passage of more than a few months between the protected activity and the adverse employment action negates any inference of retaliation.  See Price v. Thompson, 380 F.3d 209, 213 (4th Cir. 2004) (holding that a causal connection may be inferred "where the employer takes adverse employment action against an employee shortly after learning of the protected activity"); Pascual v. Lowe's Home Centers, Inc., 193 Fed. Appx. 229, 233 (4th Cir. 2006) (unpublished) (finding four months between the protected activities and the adverse action too long to establish a causal connection by temporal proximity alone).  Moreover, during that interim time period, Cornelius was the beneficiary of a positive employment action in that he was removed from probation.  Finally, the City has demonstrated that Cornelius's performance evaluations were conducted pursuant to established policies.  In the face of such evidence, Cornelius's second-guessing of the City's

---

[1] It is questionable whether this allegation is still at issue in light of the fact that the City has provided unrefuted evidence that the January 2007 evaluation ultimately was not a basis for Cornelius's termination and based on Cornelius's indication in his opposition to summary judgment that he filed this action based on unlawful termination and not based on one negative performance appraisal.  (See ECF No. 144 at 1-2.)

PJG

evaluations of him cannot establish pretext.[2]  See Thompson v. S.C. Dep't of Corr., C/A No. 3:06-1020-JFA-JRM, 2007 WL 1726530, at *6 (D.S.C. June 14, 2007) (unpublished).

## RECOMMENDATION

Cornelius has not presented sufficient evidence from which a reasonable jury could find that the City's legitimate, nondiscriminatory reasons offered for Cornelius's negative January 2007 performance evaluation and his March 2007 termination were pretexts for unlawful retaliation. Accordingly, the court recommends that the City's motion for summary judgment (ECF No. 141) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 15, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[2] Judge Currie has already held that the statements of former co-workers offered by Cornelius are not probative of the issue of pretext. (See Order, ECF No. 136 at 7 n.9.)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).