IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Michael Cornelius, | C/A No. 3:08-2508-CMC-PJG |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| City of Columbia, South Carolina, | |
| Defendant | |

Through this action, Plaintiff Michael Cornelius ("Cornelius") seeks recovery from his former employer, the City of Columbia, South Carolina ("the City") for alleged retaliation in employment. Some aspects of Cornelius's claims were resolved by earlier order granting, in part, the City's first motion for summary judgment. *See* Dkt. No. 136. The matter is now before the court on the City's second motion for summary judgment (Dkt. No. 141). This motion addresses the remaining allegations that the City retaliated against Cornelius by giving him a negative performance evaluation on January 8, 2007, and by terminating him on March 14, 2007. As a result of the earlier summary judgment ruling, the claim for retaliatory termination survives only to the extent the termination may have been influenced by a retaliatory performance appraisal.[1]

---

[1] In its first motion for summary judgment, the City argued that the negative performance appraisal could not serve as the basis for a retaliation claim because it was not an "action . . . which adversely affects the terms, conditions, or benefits of . . . employment." Dkt. No. 81-1 at 9. This argument, which was the only argument advanced as to this aspect of Cornelius's claim, was rejected because it rested on an incorrect legal standard. *See* Dkt. No. 136 at 5-6 (addressing new standard announced in *Burlington Northern & Sante Fe Railway Co. v. White*, 548 U.S. 53 (2006)). This ruling defeated the City's motion for summary judgment as to the termination to the extent the termination may have been based on the performance appraisal. The motion was, however, granted in other respects including, most critically, by finding that Cornelius had failed to proffer evidence of pretext to the extent the termination was based on the employer's belief that Cornelius had filed false assault charges against his supervisor.

For the reasons set forth below, the City's motion for summary judgment is granted in full. Together with the earlier summary judgment ruling, this disposes of all claims asserted in this action.

**BACKGROUND**

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), (g), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings including a Report and Recommendation ("Report") as to any dispositive motions. After entering a ruling granting partial summary judgment based on an earlier Report ("First Report"), the court remanded the matter to the Magistrate Judge for further proceedings, expressly allowing for a second summary judgment motion. *See supra* n.1. The matter is now before the court for ruling on a second summary judgment motion. That motion is addressed in a Second Report which recommends that the City's second motion for summary judgment be granted in full. Dkt. No. 147.

The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Cornelius timely filed objections on September 30, 2010. Dkt No. 150. The City responded to Cornelius's objection on October11, 2010, and Cornelius filed a reply on October, 15, 2010. Dkt. Nos. 152, 153. Cornelius also filed a "Motion Request for Hearing" (Dkt. No. 154) and an "Amended Motion Request for Hearing" (Dkt. No. 155). Defendant responded to the latter. Dkt. No. 156. Each of these documents has been considered in reaching the conclusions in this order.[2]

---

[2] Plaintiff has filed two additional documents subsequent to those addressed in the text. These include: Dkt. No. 157 ("Reply to Defendant's Response to Amended Request for Hearing" – addressing Order entered on September 28, 2009 by the Honorable Mattew J. Perry, Jr.) and Dkt. No. 158 ("Notice of Evidence of Character and Conduct of Witnesses" – addressing credibility of defense witnesses). The court has considered these documents in preparing this order and does not find them to warrant any different result.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Magistrate Judge's Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

**DISCUSSION**

As explained in this court's earlier order, Cornelius alleges that the City retaliated against him for engaging in protected activity. The protected activity predating the events for which Cornelius now seeks relief consisted of a charge filed on January 8, 2004, for discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and a charge filed on March 4, 2006 for retaliation (for filing the ADEA charge).

The first of the two allegedly retaliatory actions for which Cornelius seeks relief in this action is a negative performance evaluation issued on January 7, 2007, ten months after the later of the two charges referenced above. Cornelius filed a charge relating to this evaluation and related actions (including refusal to provide a copy of the evaluation) on February 5, 2007. The second of the two

3

allegedly retaliatory actions for which Cornelius seeks relief in this action is his March 14, 2007 termination. Although this adverse event followed shortly after the filing of a charge challenging the negative performance appraisal, there is no evidence that the ultimate decision makers were aware of the earlier charge.[3]

The Second Report recommends that the court grant summary judgment as to Cornelius's claim that his January 7, 2007 performance appraisal was issued in retaliation for his earlier charges of discrimination. As the Report notes, the ten-month period between the last prior protected activity and the challenged performance appraisal is too long to support an inference of discrimination based solely on the temporal connection. *See* Dkt. No. 147 at 7 (citing *Price v. Thompson*, 380 F.3d 209, 213 (4th Cir. 2004); *Pascual v. Lowe's Home Centers, Inc.,* 193 Fed. Appx. 229, 233 (4th Cir. 2006)). Other evidence suggests a contrary inference. For example, Cornelius had received negative comments regarding his attitude in performance evaluations predating his earlier protected activity. He had also received at least one positive employment action, removal from probation, between the most recent protected activity and the negative performance appraisal. Dkt. No. 147 at 7.

In his objection, Cornelius points to evidence that his general employment situation remained unfavorable between March 2006 and January 2007, in that he was denied a promotion, a transfer, and a merit pay raise during this period. Dkt. No. 150 at 3 (presenting chronology). These events, at most, counterbalance slightly the positive inference to be drawn from Cornelius's removal from

---

[3] Cornelius filed EEOC charges addressing the allegedly retaliatory performance appraisal and related actions on February 5, 2007. He filed charges addressing the allegedly retaliatory termination on April 11, 2007.

4

probation during the same period. They are not enough to support an affirmative inference that the performance appraisal issued on January 7, 2007, or any related actions were retaliatory.[4]

Indeed, Cornelius's most direct discussion of causation relates to his March 14, 2007 termination rather than to his January 7, 2007 performance appraisal. *See* Dkt. No. 150 at 19-20 (stating "I have proven that temporal proximity did existed [sic] between my employment termination."). While the sentence is incomplete, context suggests Cornelius is relying on the relatively close temporal link between his March 14, 2007 *termination* and his February 5, 2007 charge which challenged his January 7, 2007 performance appraisal and related events as retaliatory. In any event, there is no suggested link between the events of January 7, 2007 and any earlier protected activity. Thus, the City is entitled to summary judgment that the January 2007 negative performance appraisal was not given in retaliation for any earlier protected activity.

This disposes of the one concern which caused the court to withhold summary judgment in its earlier order: the possibility that the performance appraisal itself was retaliatory and that it contributed to and, consequently, tainted the termination. *See* Dkt. No. 136 at 7.[5] For the reasons noted in the earlier order and for the additional reasons set forth in the First and Second Reports, the court now grants the City's motion for summary judgment as to Cornelius's claim of retaliatory

---

[4] In addition to alleging that the January 7, 2007 performance appraisal was retaliatory, Cornelius alleges other retaliatory events on this same date: denial of a transfer; denial of a request for a copy of his evaluation; and placement in a lower slot on the organizational chart.

[5] In reaching its earlier decision, the court assumed without deciding that the performance appraisal might have been considered in upholding the termination. In particular, the court considered the Grievance Committee's reference to unspecified "other issues." *See* Dkt. No. 150-9 at 2 (findings from Grievance Hearing stating "Mr. Cornelius was discharged for giving false statement to a supervisor. . . . This was the second time that he has been written up for this within a year. *There were other issues as well.* According to city policies, the second offense is a discharge.") (emphasis added).

termination in full. Most critically, as noted in the Reports, there is no evidence that any member of the Grievance Committee (which recommended the dismissal be upheld) or the City Manager (who accepted the Grievance Committee's recommendation) was aware of Cornelius's prior charges at the time the recommendation and decision were made. Under these circumstances, the temporal proximity between Cornelius's most recent charge and his termination does not support an inference of causation. The court finds no merit in Cornelius's other arguments.[6]

**Cornelius's Motions for Hearing.** Having reviewed the written submissions and being familiar with this action from review of the earlier Report and underlying motions, the court concludes that a hearing would not aid the court in resolving the underlying summary judgment motion. The court has, however, considered all content in all submissions and finds it appropriate to comment on one query posed by Cornelius, which is "why the other prior filed report and recommendations wasn't properly determine[d] by de novo decision before receiving another report and recommendation." Dkt. No. 154 at 2; Dkt. No. 155 at 2. This suggests that Cornelius may not have received this court's order entered on March 26, 2010 (Dkt. No. 136). The court's records, however, reveal that this document was mailed to Cornelius on the date of entry (March 26, 2009). Moreover, Defendant's subsequent motion for summary judgment, to which Cornelius responded, refers to this order in its first paragraph. Dkt. No. 141-1 at 1. Cornelius responded to this motion.

---

[6] Cornelius argues, *inter alia*, that the City's claim that it terminated him for making two false statements to a supervisor within a single year is false because there was only one alleged false statement made within calendar year 2007. Dkt. No. 150 at 11. This clearly misconstrues what the employer meant by "a single year," which, in context, refers to a *sequential twelve month period*. *See* Grievance Tr. at 14 (referring to incidents in July 2006 and February 2007). In any event, Cornelius has not directed the court to any evidence that the final decisionmaker, the City Manager, or the Grievance Committee on whose opinion he relied, did not, in fact, believe that Cornelius had made two false accusations within a year and based the termination primarily on those false accusations. *See* Dkt. No. 150-8 at 2 (reporting that Grievance Committee recommended and City Manager agreed that termination should be upheld).

Thus, even if Cornelius failed to receive the mailed order, he was on notice of it and had an opportunity to seek a copy simply by calling or visiting the court. Finally, even if not aware of the prior order, Cornelius has suffered no prejudice as a result as he has had a full and fair opportunity to respond to the City's second motion for summary judgment which is all that is at issue here.

Cornelius also refers to an order entered by the Honorable Matthew J. Perry, Jr., to whom this action was originally assigned. He suggests some error in the process which led to entry of this order in that the order was apparently drafted by counsel. Beyond commenting that it is not improper for an attorney to submit a proposed order, particularly on request of the court, *see* Local Civil Rule 7.10, D.S.C., this court makes no further comment on Judge Perry's order as it appears to be the subject of an interlocutory appeal.

## CONCLUSION

The court has made a *de novo* review of the Report and underlying record as to all matters to which Plaintiff lodged an objection and has reviewed the Report for clear error as to other matters. Having done so, the court adopts the Report and its rationale as supplemented above and grants Defendant's motion for summary judgment in full. This disposes of all of Plaintiff's claims. In addition, the court has reviewed and denies Plaintiff's motions for a hearing.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>CAMERON MCGOWAN CURRIE<br>UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 27, 2010